# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BERNARD NOBLE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-8196** |
| **ANDREW L. HERN, STATE OF LOUISIANA** | **SECTION "H"(4)** |

## TRANSFER ORDER

The petitioner, Bernard Noble, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenges the constitutionality of his 2011 Orleans Parish conviction and sentence for possession of marijuana. Noble alleges that the statute under which he was convicted violates the Fourth and Fourteenth Amendments to the U.S. Constitution.

A review of this Court's records reflects that Noble previously filed a petition for issuance of a writ of habeas corpus under Section 2254, *Noble v. Louisiana*, Civ. Action 17-11553"H"(4), which is related to the same conviction and which asserts the same substantive arguments. In that case, on July 16, 2018, the Magistrate Judge issued a Report and Recommendation recommending dismissal of the petition without prejudice for failure to exhaust state court review. *Id.*, Rec. Doc. No. 15. The matter remains pending before this District Court.

In the instant petition, Noble presents claims that are or could have been asserted in the prior petition. The petition is an improper attempt to engage in multiple attacks on the same conviction and to circumvent the gatekeeping provisions in place through § 2244. *In re Cain*, 137 F.3d 234, 235-36 (5th Cir. 1998) ("[A] later petition is successive when it . . . constitutes an abuse of the writ."); *Mead v. Cain*, No. 10-30963, 2011 WL 3667419, at *1 (5th Cir. Aug. 22, 2011); *see Propes v. Quarterman*, 573 F.3d 225, 229-30 (5th Cir. 2009); *Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003) (citing *In re Cain*, 137 F.3d at 235-36); *see also*, *Ochoa v. Sirmons*, 485 F.3d

538, 541 (10th Cir. 2007) (discussing disguised efforts to circumvent § 2244(b) to file piecemeal litigation). The fact that his prior petition is pending in this Court does not preclude the finding that the instant petition is an abuse of the writ. *See*, *Mead*, 2011 WL 3667419, at *1.

Therefore, Noble's petition is considered a prohibited second or successive petition under 28 U.S.C. § 2244. Before it can be addressed by this Court, the petitioner must obtain authorization to file a second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing to that court of one of the following exceptions as provided in the statute:

> 1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or
> 2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(3)(A).

A search of the records of the United States Fifth Circuit does not reflect that Noble has sought or obtained the required authorization to file the instant petition. Until such time as he has done so, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that Noble's Section 2254 petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court

to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this 14th day of September, 2018.

_____
UNITED STATES DISTRICT JUDGE